<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA RHODES<br>WILLIAM RHODES (h/w),<br><br>       Plaintiffs,<br><br>       v.<br><br>MARIX SERVICING, LLC, et al.,<br><br>       Defendants. | Civil Action No.: 3:12-1636 (MAS)<br><br>**MEMORANDUM OPINION &<br>ORDER** |

This matter comes before the Court on Plaintiffs Melissa and William Rhodes' (collectively, "Plaintiffs") Motion to Compel certain discovery from Defendant Zucker, Goldberg & Ackerman, LLC, Attorneys at Law ("Zucker") [dkt. no. 39]. Zucker has opposed the Motion [dkt. no. 41]. The Court has considered the Parties' submissions pursuant to FED. R. CIV. P. 78 and, for the reasons set forth below, Plaintiffs' Motion is **GRANTED**, in part, and **DENIED**, in part.

### I.   INTRODUCTION

Plaintiffs allege that Defendant EMC Mortgage Corp. ("EMC"), as Plaintiffs' residential mortgage lender, breached the terms of its loan agreement and mortgage with Plaintiffs. See generally Second Amended Complaint [dkt. no. 24]. Plaintiffs further allege that EMC allowed its agents, Marix Servicing LLC ("Marix") (EMC's mortgage servicer) and Zucker (Marix's legal counsel) to violate certain statutes, including the Real Estate Settlement Procedures Act, 12 U.S.C.A. §§ 2601 et seq. ("RESPA"), Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692 et seq. ("FDCPA"), Truth in Lending Act, 15 U.S.C.A. §§ 1601 et seq. Regulation Z ("TILA"),

and other applicable Federal Bankruptcy Code sections as set forth in the Second Amended Complaint. Id. Specifically, Zucker was added as a Defendant based on a Notice of Intent to Foreclose ("NOI") which Zucker served on Plaintiffs after the filing of their original Complaint.

Pursuant to the Court's Scheduling Order III [dkt no. 34], on January 16, 2013, Plaintiffs propounded their Interrogatories and Request for Production of Documents on Zucker. Zucker produced documents on March 28, 2013. Zucker thereafter provided a supplemental document production on June 7, 2013. Zucker's revised production included documents previously withheld as privileged. Zucker served its answers to Plaintiffs' Interrogatories on April 12, 2013.

On April 19, 2013, Plaintiffs informed Zucker that certain Interrogatory answers were deficient and requested that Zucker provide full and complete responses. On June 10, 2013, Zucker submitted supplemental information intended to address those answers which Plaintiffs deemed to be deficient. Plaintiffs claim that Zucker's responses continue to be deficient, and filed the instant Motion in an effort to obtain more responsive answers.

## II.     LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 33,

> (a)(2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.
> . . .
> (b)(3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
>
> (b)(4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

"The more progressive approach to interrogatories dealing with legal matters is to view them in the factual context within which they arise." Microtron Corp. v. Minnesota Mining & Mfg. Co., 269 F. Supp. 22, 25 (D.N.J. 1967). "If the answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party, the court should require an answer." Id; see also 4 Moore's Federal Practice, 2d Ed. 2534.

## III. DISCUSSION

Plaintiffs seek more responsive answers to Interrogatory Nos. 2, 6, 10, 11, 12, and 16. With respect to Interrogatory No. 16, Plaintiffs seek to pierce the attorney-client privilege as it relates to information concerning the NOI and Zucker's "bona fide error" defense. See generally Pl.'s Reply Br. Zucker maintains that its answers to Plaintiffs' Interrogatories are responsive and that it has cured any previous deficiencies. Def.'s Opp. at 2. The Court largely agrees with Plaintiffs and finds Zucker's arguments unavailing.

### A. Interrogatory No. 2

Interrogatory No. 2 asks Zucker to identity each person who has knowledge of any facts relevant to the allegations in the Second Amended Complaint and/or Zucker's Answer. Plaintiffs claim that Zucker's response to Interrogatory No. 2 is deficient because Zucker responded only by "identifying each corporate defendant (no individual), Plaintiffs, and [Plaintiffs' lawyer]." Pl.'s Reply Br. at 2. Specifically, Plaintiffs seek "the identity of those individuals at Zucker who have knowledge as well the names of individuals at any other defendant that Zucker believes may possess information relevant to the claims or defenses." Id.

The Court finds that Zucker's response with respect to Interrogatory No. 2 is inadequate. Zucker is directed to provide the specific names of those individuals whom it believes have

3

knowledge of relevant facts. If Zucker is unaware of any specific individuals—a position the Court would find difficult to accept—it must say so. Accordingly, Zucker is directed to amend its response to include this information.

### B. Interrogatory No. 6

Interrogatory No. 6 seeks the identity of any persons who may have made any statements with regard to this litigation. Zucker's supplemental response states that "it is not presently aware" of any such person(s). Def.'s Opp. at Ex. C (Zucker's June 10, 2013 Letter to Plaintiffs).

The Court finds that Zucker's answer to Interrogatory No. 6 is sufficient. Plaintiffs' argument appears to be predicated on their disagreement with, or skepticism of, Zucker's response. The Court accepts Zucker at its word and, therefore, denies Plaintiffs' request in this respect.

### C. Interrogatory Nos. 10, 11, 12

Through Interrogatory Nos. 10, 11, and 12, Plaintiffs seek to discover all facts that Zucker intends to rely on in support of its denials and its affirmative defenses. Plaintiffs argue that Zucker's responses are deficient because Zucker's answers were "nothing more [than] general objections and legal conclusions." Id. Zucker, on the other hand, maintains that its responses are adequate.

The Court agrees with Plaintiffs and concludes that Zucker has failed to provide responsive answers to these Interrogatories. For its part, Zucker did serve supplemental responses on June 10, 2013. These responses, however, do not cure the inadequacies in Zucker's original responses. Zucker's responses remain overly generalized and broad. Zucker is therefore directed to submit supplemental responses, which should be injected with a degree of precision sufficient to put Plaintiffs on the notice of the 'who, what, when, where and why' of their denials

4

and affirmative defenses. Any concerns that Zucker may have regarding privilege, moreover, are to be resolved as set forth below.

### D. Interrogatory Number 16

Interrogatory No. 16 seeks information concerning the NOI served by Zucker. Specifically, Plaintiffs seek information regarding Zucker's discussions and interactions with Marix in connection with the NOI.

Zucker claims the communications sought between it and Marix are protected by the attorney-client privilege. Thus, Zucker maintains, any attempt to seek "exchanges and discussions between a law firm and its client regarding a pending or potential litigation . . . are improper and can not (sic) trump the attorney-client and work/product privilege." Id.

#### 1. The Attorney–Client Privilege

Federal Rule of Evidence 501 provides that evidentiary privileges are "governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." "Rule 501, as it applies to federal civil cases, incorporates the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), and requires deference to any applicable state law governing privileges." In re Grand Jury Investigation, 918 F.2d 374, 379 n.6 (3d Cir. 1990).

"Although relevance creates a presumption of discoverability, that presumption can be overcome by demonstrating the applicability of an evidentiary privilege." Payton v. New Jersey Tpk. Auth., 148 N.J. 524, 539 (1997). "Despite the existence of privileges, however, our desire to attain truth through the adversarial process has led to a disfavoring of such a categorical approach to concerns about confidentiality . . . in favor of case-by-case balancing." Id. (collecting cases).

5

In New Jersey, therefore, the attorney-client privilege is not absolute, and may be pierced when there are "other important societal concerns." United Jersey Bank v. Wolosoff, 196 N.J. Super. 553, 563 (App. Div. 1984) (citing Clark v. United States, 289 U.S. 1, 13 (1933)). Three criteria must be met in order to pierce the privilege: (1) "[t]here must be a legitimate need of the party to reach the evidence sought to be shielded"; (2) "[t]here must be a showing of relevance and materiality of that evidence to the issue before the court"; and (3) there must be a showing that the information cannot be "secured from any less intrusive source." Matter of Kozlov, 79 N.J. 232, 243-44 (1979).

### 2. Application

In this case, the Court concludes that the attorney-client privilege between Zucker and Marix, to the extent it existed, must be pierced. That is to say, all three factors set forth in Kozlov are met. First, there is a legitimate need for the communications between Zucker and Marix, as those communications are the basis for both Defendants' "bona fide error" defense. Second, the communications are relevant and material to the issue before the Court as both Zucker and Marix each claim that they relied on the representations of the other to justify their own actions. In other words, the propriety of either Zucker's or Marix's "bona fide error" defense depends on the discussions between them. Finally, it is clear that Plaintiffs would be unable to acquire this information from any less intrusive source because Zucker and Marix are the only parties which possess the information Plaintiffs seek. Zucker's claims regarding privilege are therefore overruled. Zucker is directed to supplement its previous discovery responses.

## IV. CONCLUSION & ORDER

The Court has considered the papers submitted pursuant to Fed. R. Civ. P. 78 and, for the reasons set forth above;

**IT IS** this 19th day of August, 2013,

**ORDERED** that Plaintiffs' Motion to Compel is **GRANTED**, in part, and **DENIED**, in part, as set forth above; and it is further

**ORDERED** that Zucker must serve supplemental responses by August 29, 2013; and it is further

**ORDERED** that the Court will conduct a telephone status conference on September 19, 2013 at 10:30 AM. Plaintiffs' counsel shall initiate the call.

<u>s/ Douglas E. Arpert</u><br>
**DOUGLAS E. ARPERT, U.S.M.J.**