NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM and MELISSA RHODES, | |
| Plaintiffs, | Civil Action No.: 12-01636 (MAS) |
| v. | MEMORANDUM OPINION AND ORDER |
| MARIX SERVICING, LCC, ET AL., | |
| Defendants. | |

**ARPERT, U.S.M.J.**

**I. INTRODUCTION**

Before the Court is a motion filed by Plaintiffs William and Melissa Rhodes ("Plaintiffs") on September 27, 2013 seeking an award of attorney's fees and costs in their case against Defendants Zucker, Goldberg & Ackerman, LLC ("ZGA") and EMC Mortgage Corporation ("EMC") ("Defendants"). Plaintiffs filed the motion pursuant to Federal Rule of Procedure 37(a)(5)(A), claiming that they are entitled to attorney's fees due to Defendants' failure to respond to discovery requests and this Court's Order to Compel certain discovery from Defendants. Plaintiff's Motion for Attorney's Fees ("Pl.'s Mot.") at 1-2, dkt. entry no. 47. Both Defendants filed opposition to this motion, based principally on the grounds that their initial nondisclosures were "substantially justified" and that Plaintiffs failed to attempt to resolve their discovery disputes, in good faith, without court intervention. Defendant ZGA's Brief in Opposition to Motion ("Def. ZGA's Br.") at 2, dkt. entry no. 50; Defendant EMC's Brief in Opposition to Motion ("Def. EMC's Br.") at 3, dkt. entry no. 43. Plaintiffs, in turn, filed a reply brief on October 10, 2013, wherein they reiterated that they "have been desperately trying to

obtain certain information from Defendants," and such that an award of attorney's fees is warranted. Plaintiff's Reply Brief ("Pl.'s Reply Br.") at 1, dkt. entry no. 51. For the reasons set forth below, Plaintiffs' motion for attorney's fees is **DENIED** with respect to both Defendant EMC and Defendant ZGA.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of Plaintiffs' suit against Defendant EMC Mortgage Corporation ("EMC"), their residential mortgage lender, based on allegations that it breached the loan agreement and mortgage with Plaintiffs and further, that it allowed its agents, Marix Servicing LLC, Residential Credit Solutions, Inc. (as its mortgage servicers) and Defendant Zucker, Goldberg & Ackerman ("ZGA") (as its counsel) to violate the Real Estate Settlement Procedure Act, 12 U.S.C.A. § 22601 *et seq.* ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 *et seq.* ("FDCPA"), the Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq.*, and other applicable Federal Bankruptcy Code sections. See Pl.'s Mot. At 2; see also Plaintiff's Amended Complaint ("Pl.'s Am. Compl."), dkt. entry no. 24. On May 14, 2013, Plaintiffs filed a Motion to Compel responses to its discovery requests from both Defendant ZGA and Defendant EMC. See Plaintiff's Brief in Support of Motion to Compel, dkt. entry no. 39. Defendant ZGA filed an opposition to the Motion and supplemented its responses on June 10, 2013. See Defendant ZGA's Brief in Opposition to Motion to Compel, dkt. entry no. 41. On June 12, 2013, this Court granted Plaintiffs' Motion to Compel in full as to Defendant EMC and ordered EMC to respond to Plaintiffs' discovery demands. See Memorandum Opinion and Order to Compel as to Defendant EMC, dkt. entry no. 43. On August 19, 2013, this Court granted Plaintiffs' Motion to Compel in part and denied it in part as to Defendant ZGA. See Memorandum Opinion and Order on Motion to Compel as to Defendant ZGA, dkt. entry no. 45.

Plaintiffs filed the present motion on September 27, 2013 for attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) from both Defendants ZGA and EMC.

According to Plaintiffs, they are entitled to attorney's fees because this Court granted their Motion to Compel in part as to Defendant ZGA and in full as to Defendant EMC. See Pl.'s Mot. at 5. Defendant EMC maintains that because its counsel was substituted in after Plaintiffs' discovery requests had been served and because of circumstances outside of its control, counsel was not able to comply with the discovery deadline, and so attorney's fees are not warranted. See Def. EMC's Br. at 1-2. Defendant ZGA contends that because its failure to respond to Plaintiffs' initial discovery requests was "substantially justified," it should not be required to pay attorney's fees in this case. See Def. ZGA's Br. at 2-3.

**III. DISCUSSION**

Under the Federal Rules of Civil Procedure, a court may award reasonable attorney's fees incurred in making a discovery motion. Fed. R. Civ. P. 37(a)(5)(A). However, a court may not grant expenses where (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Id. In this case, the Court is satisfied that Defendants have shown that Plaintiffs failed to confer in good faith with Defendants to resolve discovery disputes without court action, and that Defendants' initial nondisclosures were "substantially justified." Thus, any imposition of attorney's fees as to either Defendant EMC or Defendant ZGA would be inappropriate. The Court will address the issue of attorney's fees with respect to Defendants EMC and ZGA in turn.

### A. MOTION FOR ATTORNEY'S FEES AS TO DEFENDANT EMC MORTGAGE CORPORATION

Plaintiffs argue that Defendant EMC "failed to acknowledge receipt of the initial discovery demands," "ignored orders from [the Court] demanding that it respond to the discovery requests," and that it "failed to respond in any way" to Plaintiffs' counsel regarding those discovery requests. Pl's Reply Br. at 2. Indeed, according to Plaintiffs, it was not until the Court issued its June 12, 2013 Order to Compel that EMC provided Plaintiffs with any response. As Plaintiffs note, attorney's fees under Rule 37 may be warranted where a party has failed to respond to discovery requests and a court has granted a moving party's motion to compel. See id.; see also Fed. R. Civ. P. 37(a)(5)(A). However, Rule 37 also provides that the movant must have "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action" before a court may consider an award of attorney's fees. See id. In this case, there is nothing in the record to indicate that Plaintiffs made any good faith effort to confer with Defendant EMC's new counsel to obtain discovery before they filed their Motion to Compel. Indeed, Plaintiffs filed their Motion on May 14, 2013, only two weeks after Defendant EMC's substitution of counsel was filed. Def. EMC's Br. at 2. Furthermore, it does not appear that Defendant EMC's failure to respond to Plaintiffs' discovery requests prior to the Order to Compel was in any way deliberate. As Defendant EMC's counsel points out, at the time it became substituted as counsel for EMC, Plaintiffs had already served prior counsel for EMC with Requests for Documents and Interrogatories. Def. EMC's Br. at 1. Though counsel made reasonable efforts to locate documents to respond to Plaintiffs' request, the task was "complicated" due to the fact that EMC was no longer in business. Id. That is, Defendant EMC's counsel found it more difficult to obtain additional documents beyond those that had been procured by EMC's prior counsel, and there were no employees at EMC with

whom counsel could speak and request documents because the corporation had ceased operations. Id. The fact that Plaintiffs' counsel wrote a single e-mail to Defendant EMC's counsel before filing their Motion to Compel does not satisfy their duty to confer in a good faith effort to resolve discovery disputes. Courts have held that such a "token effort" is not a "good faith . . . attempt[ ] to confer with the party not making the disclosure." See Cannon v. Cherry Hill Toyota, 190 F.R.D. 147, 153 (D.N.J. 1999) (holding that sending a fax demanding a response is a token effort rather than a sincere effort to resolve a discovery dispute before filing a motion to compel, and thus denying defendant's request for attorney's fees); see also Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186 (3d Cir. 2003). Therefore, because Plaintiffs have not demonstrated that they made a good faith effort to communicate with Defendant EMC's counsel prior to seeking an Order to Compel, attorney's fees under Rule 37 are not appropriate.

### B. MOTION FOR ATTORNEY'S FEES AS TO DEFENDANT ZGA

Plaintiffs maintain that Defendant ZGA has "delayed and obfuscated at every juncture" in response to their discovery requests, and it was only after this Court issued its Order to Compel did Plaintiffs obtain sufficient information to proceed to the next stage of discovery. Pl.'s Reply Br. at 4. According to Plaintiffs, ZGA's "belated compliance with its obligations to provide full and complete responses to Plaintiffs' discovery demands was not justified." Id. On the other hand, Defendant ZGA argues that its initial nondisclosures were "substantially justified" because it believed that some of the information that Plaintiffs were seeking was protected by the attorney-client privilege. Def. ZGA's Br. at 3. As Defendant ZGA rightly points out, under Rule 37, a court may not award attorney's fees where the "opposing party's nondisclosure, response or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii); see also Def.

5

ZGA's Br. at 3. Opposition is "substantially justified" if the motion raised an issue "about which reasonable men could genuinely differ on whether a party was bound to comply with a discovery rule." 8 C. Wright & A. Miller, Federal Practice and Procedure 790 (1970); see also Pierce v. Underwood, 487 U.S. 552, 553 (1988) (determining that "substantially justified" means "justified to a degree that could satisfy a reasonable person"). In this case, Defendant ZGA's initial nondisclosures were "substantially justified." When Plaintiffs served Defendant ZGA with initial Interrogatories and discovery requests, Defendant ZGA asserted the attorney-client privilege with respect to a number of Plaintiffs' Interrogatories. Def. ZGA's Br. at 2. To be sure, the Court granted Plaintiffs' Motion to Compel in part and required Defendant ZGA to furnish more information in responding to a number of Plaintiffs' Interrogatories. Pl.'s Reply Br. at 4. However, it is important to note that, in partially granting Plaintiffs' motion and compelling discovery from Defendant ZGA, the Court overruled Defendant ZGA's claim of the privilege. Def. ZGA's Br. at 2-3. That is, Defendant ZGA was justified in its assertion that the information Plaintiffs were seeking was covered by the privilege, but the Court nevertheless ordered it to respond to Plaintiffs' discovery requests notwithstanding the privilege. Certainly, then, Defendant ZGA's position was "substantially justified," and it did not fail to disclose information to Plaintiffs during discovery in order to frustrate discovery; rather, Defendant ZGA was seeking to preserve the attorney-client privilege, which it could not voluntarily waive without its client's consent. As such, an award of attorney's fees in this instance would be inappropriate.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS** on this 2nd day of December,

**ORDERED** that Plaintiffs' motion for attorney's fees with respect to both Defendant EMC and Defendant ZGA is **DENIED**.

    **s/ Douglas E. Arpert**

    **DOUGLAS E. ARPERT**

    **United States Magistrate Judge**