UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RHODES, et al.,

        Plaintiffs,

v.

MARIX SERVICING, LLC, et al.,

        Defendants.

Civil Action No. 12-1636 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiffs Melissa Rhodes and Williams Rhodes's (collectively, "Plaintiffs") Motion to Reopen the Case. (ECF No. 109.) Defendants Marix Servicing, LLC (ECF No. 116), and Zucker Goldberg & Ackerman (collectively, "Defendants") (ECF No. 117) filed opposition, and Plaintiffs replied (ECF No. 118). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

This matter was automatically stayed and administratively terminated on August 24, 2015 because Zucker Goldberg & Ackerman filed for bankruptcy. (ECF No. 106.) Accordingly, the Court ordered that "[t]he Clerk administratively terminate the action, without prejudice to the right of any party to reopen the matter for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." (*Id.*) On March 15, 2017, Plaintiff obtained an order from the Bankruptcy Court granting relief from the District Court's automatic stay. (Pl.'s Ex. A, ECF No. 109-2.) Plaintiff now seeks to reopen the case before this Court. (ECF No. 109.) In opposition, Defendants argue that Plaintiff's Motion is untimely and highly prejudicial to Defendants. (ECF Nos. 116, 117.)

The Third Circuit, however, has stated that "the mere passage of time can[not] mature an administrative closing into a dismissal or a final judgment or order," unless the order administratively terminating the case contains a timetable at which point the case will be dismissed. *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004). Here, the Court's order contained no such deadline at which the administrative termination would convert into a dismissal or final judgment. (ECF No. 106.) Rather, the order merely stated that the case was administratively terminated "pending the result of Defendant's bankruptcy filing." (*Id.*) The Court's order, therefore, merely placed the matter "in an 'inactive status until such time as the [Court], in [its] discretion or at the request of a party, chose either to reactivate it or to dispose of it with finality.'" *Penn W. Assocs., Inc.*, 371 F.3d at 128.

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 25th day of August 2017, **ORDERED** that:

1. Plaintiffs' Motion to Reopen the Case (ECF No. 109) is GRANTED.

2. The Clerk of Court shall REOPEN this case.

3. Within 7 days of the date of this Order, the parties shall request a conference with the Honorable Douglas E. Arpert, U.S.M.J., who will enter a scheduling order in this matter.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**