**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MELISSA RHODES, et al.,

               Plaintiffs,

               v.

MARIX SERVICING, LLC, et al.,

               Defendants.

Civil Action No. 12-1636 (MAS) (DEA)

**MEMORANDUM OPINION**

This matter comes before the Court on four motions: (1) Plaintiffs Melissa Rhodes ("Mrs. Rhodes") and William Rhodes's ("Mr. Rhodes") (collectively, "Plaintiffs") Motion for Partial Summary Judgment (ECF No. 59), opposed by Marix Servicing, LLC ("Marix") (ECF No. 72), EMC Mortgage Corporation ("EMC") and Residential Credit Solutions ("Residential") (ECF No. 73), and Zucker Goldberg & Ackerman ("Zucker") (ECF No. 76), and to which Plaintiffs replied (ECF No. 80); (2) Zucker's Cross-Motion to Strike Portions of Plaintiffs' Motion for Summary Judgment (ECF No. 76), which Plaintiffs opposed (ECF No. 80); (3) EMC and Residential's Motion for Summary Judgment (ECF No. 58), which Plaintiffs opposed (ECF No. 75), and to which EMC and Residential replied (ECF No. 79); and (4) Zucker's Motion for Summary Judgment (ECF No. 60), which Plaintiffs opposed (ECF No. 74), and to which Zucker replied (ECF No. 78).

The Court has reviewed the parties' submissions and heard oral argument on February 22, 2018. For the reasons set forth below: (1) Plaintiffs' Motion for Partial Summary Judgment is denied; (2) Zucker's Cross-Motion to Strike is denied; (3) EMC and Residential's Motion for

Summary Judgment is denied in part and granted in part; and (4) Zucker's Motion for Summary Judgment is denied in part and granted in part.

## I.    Factual Background

### A.    Undisputed Facts

The underlying dispute in this matter arises from Plaintiffs' mortgage in the amount of $142,500.00, obtained in November 2001 from SIB Mortgage Corporation. (Pls.' Statement of Undisputed Facts ("Pls.' SUMF") ¶ 1, ECF No. 59-1.)[1] The loan was thereafter sold to EMC, which also acted as the loan servicer until EMC transferred servicing rights to America's Home Servicing ("AHS") in November 2005. (Id. ¶ 2.)[2] Plaintiffs subsequently defaulted on their mortgage payments to AHS. (Zucker's Statement of Material Facts ("Zucker's SUMF") ¶ 5, ECF No. 60-5.) On September 1, 2006, Mrs. Rhodes filed for Chapter 13 bankruptcy. (Pls.' SUMF ¶ 3.) AHS retained Zucker to represent it in the bankruptcy proceedings as an agent and servicer for EMC. (Id. ¶ 4; Zucker's SUMF ¶ 7; Zucker's Response to Pls.' SUMF ¶ 4, ECF No. 77.)

On February 20, 2007, Plaintiffs' bankruptcy plan was confirmed by the Bankruptcy Court, which entered an Order confirming the plan on March 22, 2007. (Zucker's SUMF ¶ 8.) On October 20, 2010, Mrs. Rhodes certified that all payments under the plan were completed, and two days later, on October 22, 2010, the bankruptcy court entered a discharge order ("Discharge Order"). (Id. ¶ 10; Pls.' SUMF ¶ 8.) While this was occurring, around August 2010 and prior to issuance of the Discharge Order, AHS transferred servicing of the mortgage to Defendant Marix.

---

[1] Where facts are not in dispute, the Court omits citations to the responses for efficiency.

[2] EMC and Residential did not respond to Plaintiff's Statement of Undisputed Material Facts as required by the Local Civil Rules. See L. Civ. R. 56.1(a). Therefore, Plaintiffs' facts pertaining to EMC and Residential "shall be deemed undisputed for purposes of the summary judgment motion." Id.

2

(Pls.' SUMF ¶ 9.) Marix has maintained that as of the date it began servicing the loan, Plaintiffs were in default. (*Id.* ¶ 10.) Plaintiffs, however, dispute that they were in default on the loan. In January 2011, Plaintiffs, through their attorney, sent a letter to Marix and Zucker claiming that the loan was not in default. (*Id.* ¶¶ 11-13; Zucker's Response to Pls.' SUMF ¶ 14.) Marix did not respond. (Pls.' SUMF ¶ 13.) In February 2011, Marix sent another Notice of Default directly to Plaintiffs. (*Id.* ¶ 15.) Plaintiffs responded, through their attorney, by sending another letter to Marix, dated February 23, 2011, advising Marix that Plaintiffs were represented by counsel and claiming that Plaintiffs were not in default on their loan obligations. (*Id.* ¶¶ 16-17). In March 2011, Marix again sent a Notice of Default directly to Plaintiffs. (*Id.* ¶ 18.) Plaintiffs again responded, through counsel, with another letter to Marix, dated March 31, 2011, advising that Plaintiffs were not in default. (*Id.* ¶ 19; Marix's Response to Pls.' SUMF ¶ 19, ECF No. 72-23.) In April 2011, Marix sent another Notice of Default to Plaintiffs.[3] (Pls.' SUMF ¶ 22.) Marix also attempted to communicate with the borrowers telephonically and did not communicate with Plaintiffs' attorney until Plaintiffs executed a letter in December 2011 authorizing Marix to communicate with their attorney. (*Id.* ¶ 24; Marix's Response to Pls.' SUMF ¶ 24.)

Plaintiffs continued to make payments on their mortgage throughout the relevant period, and all payments were accepted by Marix until December 2011, when Marix rejected the payment and returned it to Plaintiffs. (Pls.' SUMF ¶¶ 27-28; Marix's Response to Pls.' SUMF ¶¶ 27-28.) In January 2012, Marix retained Zucker to represent it with respect to Plaintiffs' loan. (Pls.' SUMF ¶ 29.) In March 2012, Plaintiffs filed their original Complaint against Marix and EMC. (*Id.* ¶ 31.)

---

[3] Plaintiffs claim they received six separate Notices of Default, all dated April 25, 2011. While it is undisputed that Marix sent an April 25, 2011 Notice of Default, Marix responded that it cannot admit or deny if the six notices are duplicates or actual or separate and distinct notices. (Marix's Response to Pls.' SUMF ¶ 22.)

On March 20, 2012, Zucker served Plaintiffs with a Notice of Intent to Foreclose ("NOI"). (*Id.* ¶ 32.)  The NOI contained a reproduced facsimile signature of Leonard Zucker. (*Id.* ¶ 33.)  On April 1, 2012, EMC transferred the servicing of the loan from Marix to Residential. (*Id.* ¶ 37.)  Plaintiffs then filed an Amended Complaint adding Residential and Zucker as Defendants on March 23, 2012. (*Id.* ¶ 39.) On July 17, 2012, Residential served Plaintiffs with a Notice of Intent to Foreclose ("Residential NOI"). (*Id.* ¶ 41.)  During the time that Residential serviced the loan, it reported negative information about Mr. Rhodes to the credit reporting agencies. (*Id.* ¶ 43.)

**B.    Disputed Facts**

Several facts are in dispute, the most important of which is whether Plaintiffs were actually in default on the loan.  (*Id.* ¶¶ 10-11; Marix's Response to Pls.' SUMF ¶¶ 10-11; Zucker's Response to Pls.' SUMF ¶ 10-11; Zucker's SUMF ¶ 16.)  In addition, the parties disagree about the contents and implications of the letters sent by Plaintiffs' counsel (Pls.' SUMF ¶¶ 11-14, 16, 18-19; Marix's Response to Pls.' SUMF ¶¶ 11-13, 16, 18-19; Zucker's Response to Pls.' SUMF ¶¶ 11-14, 16, 18-19); the basis for certain fees sought by Defendants (Pls.' SUMF ¶¶ 26, 36; Zucker's Response to Pls.' SUMF ¶¶ 26, 36; Zucker's SUMF ¶¶ 13-15; Pls.' Response to Zucker's SUMF ¶¶ 13-16, ECF No. 74-1); and the amount of oversight that Zucker had over the notices that issued with his signature (Pls.' SUMF ¶¶ 34-36; Zucker's Response to Pls.' SUMF ¶¶ 34-36).

**II.    Legal Standard**

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A material fact raises a "genuine" dispute "if

the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250).

In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Anderson*, 447 U.S. at 250. In considering the motion, the Court "does not resolve factual disputes or make credibility determinations." *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

## III.   Discussion

The Second Amended Complaint sets forth the following counts: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) violation of the Truth in Lending Act Regulation Z; (4) Declaratory Judgment Act; (5) Breach of Contract; (6) Breach of the Implied Covenant of Good Faith and Fair Dealing; (7) Violation of the Automatic Stay and/or Discharge Order; and (8) violation of the FDCPA and RESPA as to Residential. (Sec. Am. Compl., ECF No. 24.)  Currently before the Court are three separate motions for summary judgment and a cross-motion to strike portions from Plaintiffs' motion for summary judgment.[4]

---

[4] By way of background, the pending motions were filed and briefed in 2014.  The case was subsequently thought to be settled and was dismissed (ECF No. 82); however, the settlement was never finalized and the case was reopened.  (ECF No. 102.)  The case, however, was further delayed as Zucker filed for bankruptcy and this matter was stayed. (ECF No. 106.)  In September 2017, the parties requested that the motions be reopened, and the Court granted the request. (ECF Nos. 120-21.)

### A.    Plaintiffs' Motion for Summary Judgment

Plaintiffs move for summary judgment only as to liability under RESPA and the FDCPA. (*See generally*, Pls.' Moving Br, ECF No. 59-31.)  For the reasons discussed below, Plaintiffs' motion is denied.

### 1.    RESPA

For Plaintiffs to establish their RESPA claim, they must show: "(1) the submission of a qualified written request by a borrower to a loan servicer for information relating to the servicing of the loan, (2) a failure by the loan servicer to timely respond, and (3) damages." *Davis v. Deutsche Bank Nat'l Tr. Co.*, No. 16-5382, 2017 WL 6336473, at *7 (citing *Hawk v. Carrington Mortg. Servs., LLC*, No. 14-1044, 2016 WL 4414847, at *4 (M.D. Pa. June 29, 2016)).  Under RESPA, a plaintiff can recover actual damages and, "in the case of a pattern or practice of noncompliance," statutory damages in "an amount not to exceed $2,000." 12 U.S.C. § 2605(f).

To state a claim for actual damages, a plaintiff must show both the existence of damages and that the breach caused the damages.  *Jones v. Select Portfolio Servicing, Inc.*, No. 08-972, 2008 WL 1820935, at *9-10 (E.D. Pa. Apr. 22, 2008).  The "borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violation and the borrower's injuries." *Hager v. CitiMortg., Inc.*, No. 16-3348, 2017 WL 751422, at *4 (D.N.J. Feb. 27, 2017).  For statutory damages, a plaintiff must show a "pattern or practice of non-compliance with the requirements of § 2605." *Hager*, 2017 WL 751422, at *4.  In other words, "[t]he plaintiff must show that the alleged violations were the standard or routine way of operating for the allegedly non-compliant loan servicer." *Davis*, 2017 WL 6336473, at *7 (citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)).

Here, Plaintiffs ask the Court to determine RESPA liability based on Marix's refusal to respond to Plaintiffs' letters, which Plaintiffs claim are valid qualified written requests. (Pls.' Moving Br. 14-17.) Plaintiffs' argument, however, fails to address damages. Without sufficient evidence of damages, the Court cannot grant the motion. *See Hawk*, 2016 WL 4433665, at *3 ("A review of the record leads the Court to conclude that [plaintiffs] failed to adequately allege RESPA damages, let alone present sufficient evidence of damages to survive a motion for summary judgment.") As damages are a necessary element of the RESPA claim, the Court cannot address liability in a vacuum separated from consideration of damages. The record before the Court does not sufficiently establish actual damages or a "pattern or practice" of violations as a matter of law. The Court, therefore, finds that Plaintiffs have not established that they are entitled to summary judgment under RESPA, and Plaintiffs' motion for summary judgment as to liability under RESPA is denied.

### 2.    FDCPA

Next, Plaintiffs move for summary judgment as to liability on the FDCPA claims against each Defendant.

#### a.    <u>Marix</u>

As to Marix, there is an overarching dispute as to whether Marix is a "debt collector" subject to application of the FDCPA. (Pls.' Moving Br. 17-18; Marix's Opp'n Br. 32-34, ECF No. 72.) The parties acknowledge that the determination of Marix's status as a debt collector turns on whether or not the loan was in default when Marix began servicing it. (Pls.' Moving Br. 18; Marix's Opp'n Br. 32-33.) If the loan was already in default, then Marix is a debt collector. Conversely, if Marix began servicing the debt when the mortgage was current, then Marix is not a debt collector.

Although the parties all concede that there is a dispute as to whether Plaintiffs were in default on the mortgage, Plaintiffs ask the Court to find that because Marix has maintained that the loan was in default at the time it began servicing the loan, the Court should find that Marix was a debt collector. (Pls.' Moving Br. 18.) This position, however, is at odds with the reality of Plaintiffs' position throughout the relevant period and this litigation. There is a genuine dispute as to whether the loan was in default, and, if it was, when the default occurred.[5] Based on the statements of undisputed fact, and the responses to such statements, the Court cannot find as a matter of law that Marix was a "debt collector." Because Plaintiffs have not sufficiently established that Marix was subject to the FDCPA, the Court cannot grant summary judgment against Marix on any of the FDCPA claims. Plaintiffs' motion for summary judgment as to FDCPA liability against Marix, therefore, is denied.

### b.   Residential

Plaintiffs' FDCPA claim against Residential is based on alleged improper direct communications with represented parties and allegations that the communications contained information that was false or otherwise confusing to the "least sophisticated person"—the relevant inquiry under the FDCPA. (Pls.' Moving Br. 23-25); *see also Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) ("We use the 'least sophisticated debtor' standard in order to effectuate the basic purpose of the FDCPA . . . to protect all consumers, the gullible as well as the shrewd.") (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)) (internal quotations omitted). Specifically, Plaintiffs claim the communications contained an incorrect payment due date and

---

[5] Because the Court finds that a genuine dispute exists over whether the loan was in default, the Court also denies Plaintiffs' request for a declaratory judgment that the loan was not in default. (*See* Pls.' Moving Br. 36.)

include charges that "the 'least sophisticated consumer' would have no idea whether any of the amounts claimed due are actually due and owing, and what each charge represents." (*Id.* at 25.)

As an initial matter, the Court notes that EMC and Residential did not respond to Plaintiffs' Statement of Undisputed Material Facts.  Under the Local Civil Rules:

> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; *any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion*.

L. Civ. R. 56.1(a) (emphasis added).

Under the applicable rules, therefore, the Court is required to treat each properly raised undisputed fact within Plaintiffs' Statement of Undisputed Material Facts as undisputed. Plaintiffs' undisputed facts related to Residential, however, are limited to the following: (i) Residential began servicing the loan on April 1, 2012; (ii) Residential knew Plaintiffs were represented by counsel; (iii) Residential was added as a Defendant in the First Amended Complaint, which called into question the servicing of the loan; (iv) Residential thereafter continued to communicate directly with Plaintiffs by a notice dated May 9, 2012; (v) Residential served a notice of intent to foreclose on July 17, 2012, which included "$20,542.74, plus other charges" as owing; and (vii) during the entire time Residential serviced the loan, it reported negatively to the credit reporting agencies for Mr. Rhodes. (Pls.' SUMF ¶¶ 37-43.)  The Court, therefore, will treat these facts as undisputed for purposes of Plaintiffs' motion. Any other facts raised only in Plaintiffs' brief, however, will not be considered by the Court in evaluating the motion.

As to communications with represented parties, Residential argues that it was required to send the Residential NOI directly to Plaintiffs under New Jersey's Fair Foreclosure Act. (EMC and Residential's Opp'n 9, ECF No. 73.)[6]  For the reasons discussed in more detail below in connection with Zucker's Motion for Summary Judgment (*see infra*, Section III.C.1.a), the Court denies Plaintiffs' motion for FDCPA liability against Residential as it relates to unauthorized communication with a represented party through issuance of the Residential NOI.

Next, as to whether the communications contained incorrect or confusing information, the Court again finds that the undisputed facts set forth by Plaintiff are insufficient for the Court to make such a finding.  Plaintiffs' motion as to this issue, therefore, is also denied.

As to the continued negative reporting of Mr. Rhodes to the credit bureaus, the Court accepts as true that Residential continued to report negatively as to Mr. Rhodes; however, nothing in Plaintiffs' SUMF states that Residential failed to indicate that these amounts were disputed. The Court reiterates that it is not inclined to impute factual arguments raised in the briefs into the statement of facts.  To do so would undermine the entire purpose of the requirement to separately submit a statement of facts.  The Court, therefore, finds that Plaintiffs have not adequately established they are entitled to summary judgment, and Plaintiffs' motion for summary judgment as to FDCPA liability against Residential, therefore, is denied.

---

[6] Plaintiffs also argue that Residential violated the FDCPA by sending them a Verification of Debt. Residential argues that it was required to send the verification under the FDCPA because of Plaintiffs' filing of the First Amended Complaint contesting the debt. (Residential's Opp'n Br. 9-10.) The Verification of Debt, however, is not addressed in the Plaintiffs' SUMF.  As indicated above, the Court will not address factual arguments that are not properly raised and supported in the SUMF. The Court, therefore, makes no finding regarding whether this communication violated the FDCPA.

c.  **Zucker**

Plaintiffs argue that Zucker violated the FDCPA when Zucker sent the NOI to Plaintiffs because: (1) the NOI was sent directly to Plaintiffs; (2) statements in the NOI are false or confusing to the least sophisticated consumer; and (3) the NOI contains a facsimile signature of an attorney. (Pls.' Moving Br. 26.)  Zucker opposes and cross-moves to strike the "portions of Plaintiffs' summary judgment motion seeking relief based on: (1) any claim under §1692(e) of the FDCPA (Point II(C)(1), pp. 28-29); and (2) allegations that the signature on the NOI also creates FDCPA liability (Point III(C)(2), pp. 29-33)." (Zucker's Opp'n and Cross Mot. Br. 1-2, ECF No. 76-1.)

i.  *Zucker's Cross-Motion to Strike*

The Court will first address Zucker's Cross-Motion to strike. (ECF No. 76.)  Zucker argues that Plaintiffs' claims should be limited to the claims alleged in the Complaint and identified during discovery. (Zucker's Opp'n and Cross Mot. Br. 4.)  Zucker argues that these claims, which were not specifically identified in response to the interrogatory asking Plaintiffs which sections of the FDCPA they believed were violated, were "untimely and concealed," which denied Zucker the opportunity to conduct discovery, retain an expert, and seek dispositive relief.  (*Id.* at 2-5.) Plaintiffs respond that Zucker was "specifically put on notice that Plaintiffs were alleging violations of the FDCPA generally," Plaintiffs pled facts that they knew of at the time of filing the Second Amended Complaint, and "[t]hrough discovery, Plaintiffs learned of additional facts that constituted additional violations of the FDCPA, facts that were either already known by Defendants or were also learned by Defendants in the course of discovery." (Pls.' Reply Br. 22, ECF No. 80.) Plaintiffs also argue that the facts at issue were "learned . . . from Zucker. Therefore Zucker cannot claim 'surprise' when Plaintiffs refer to those facts in its Motion for Summary Judgment." (*Id.* (emphasis in original).)

Here, where Plaintiffs alleged a violation of the FDCPA in the Second Amended Complaint (Second Am. Compl. 12-16), and no facts were actually withheld from Defendants, the Court finds that it would be too drastic a remedy to prohibit Plaintiffs from proceeding with these claims at trial. While the Court notes that Plaintiffs should have supplemented their discovery responses during the course of discovery, the Court will balance the interests of both parties by permitting the claims to remain in the action, but also permitting Zucker, to the extent necessary, to reopen discovery for a brief period of time. Zucker's Cross-Motion, therefore, is denied.

ii.     *Plaintiffs' Motion for Summary Judgment Against Zucker*

As an initial matter, the Court will not rule on Plaintiffs' motion for summary judgment as to liability under 15 U.S.C. § 1692e regarding false statements or the attorney signature issue, as these were the subject of Zucker's cross-motion. The Court will permit additional discovery as necessary on these limited issues, and therefore, Plaintiffs' motion for summary judgment is denied.

The remaining issues in Plaintiffs' motion, therefore, are Zucker's alleged unauthorized contact with represented parties and alleged attempts to collect amounts not authorized by the agreement or permitted by law under § 1692f(1). As to the unauthorized contact, this issue is addressed in more depth below in connection with Zucker's Motion for Summary Judgment. (*See infra*, Section III.C.1.a.) As explained below, the Court finds that Zucker is entitled to summary judgment on the FDCPA claim as it relates to sending the NOI directly to Plaintiffs; therefore, Plaintiffs' motion is denied.

Finally, as to Plaintiffs' motion that Zucker violated § 1692f(1) by attempting to collect amounts that were not actually collectible from Plaintiffs, the Court agrees with Zucker that the record lacks support for this claim. There exists a genuine dispute as to the contents of the "transfer

fees" and on the record Plaintiffs set before the Court, there is insufficient evidence to find that Plaintiffs are entitled to summary judgment. (Zucker's Opp'n and Cross Mot. Br. 19-20.) The Court cannot grant summary judgment as to whether these amounts were properly collectible. Plaintiffs' motion, therefore, is denied.[7]

### d.   EMC

Lastly, Plaintiffs move for Summary Judgment against EMC arguing that EMC is vicariously liable for the actions of Marix, Residential, and Zucker, for violations of the FDCPA and RESPA. (Pls.' Moving Br. 34-35.) EMC responds that the motion is not supported, and in fact undermined, by the allegations in the Second Amended Complaint. (EMC and Residential's Opp'n Br. 12.) While EMC's opposition raises significant questions about the sufficiency of the claim in this regard, the Court need not address this argument as it has already found that Plaintiffs have not established they are entitled to summary judgment against Marix, Residential, or Zucker. It would be premature, therefore, for the Court to analyze vicarious liability against EMC without first finding that Plaintiffs have established an underlying violation. *See, e.g., Rankines v. Meyrick*, No. 14-1842, 2016 WL 545134, at *9 (D.N.J. Feb. 10, 2016); *Metz v. United Counties Bancorp*, 61 F. Supp. 2d 364, 385 (D.N.J. 1999); *Moriaty v. Classic Auto Grp., Inc.*, No. 13-5222, 2014 WL 884761, at *6 (D.N.J. Mar. 6, 2014). Plaintiffs' motion against EMC, therefore, is denied.

---

[7] Plaintiffs also ask the Court to "dismiss[] with prejudice" Zucker's counterclaim that Plaintiffs acted in bad faith in bringing the FDCPA claim against Zucker. (Pls.' Moving Br. 37-38.) Zucker responds that the "motion for dismissal of the counterclaim is premature" and "at the very least, a genuine issue of material fact exists to preclude dismissal." (Zucker's Opp'n Br. 28-29.) The parties interchangeably use the terms "dismissal" and "summary judgment," and interchangeably discuss the corresponding standards, even though each form of relief is distinct and subject to different standards. In any event, it appears Plaintiffs are actually requesting summary judgment; however, based on the record before the Court, and given the lack of any statements of fact or responses to statements of fact directly on point, Plaintiffs have not established their entitlement to relief.

**B.     Defendants EMC and Residential's Motion for Summary Judgment**

Defendants EMC and Residential move for summary judgment on Plaintiffs' claims under RESPA, the FDCPA, and Plaintiffs' common law claims for breaches of contract and the covenant of good faith and fair dealing, as well as violations of the Bankruptcy Stay/Discharge Order.

As an initial matter, Local Civil Rule 56.1 requires that all motions for summary judgment be accompanied by "a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1. The rule specifically requires that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." *Id.* Without a statement of facts that has been attested to by the moving party, and the opportunity for the opponents to respond, the Court cannot properly determine the appropriate set of facts for the motion.

Even if the Court were to address the legal arguments set forth in Defendants' motion, however, Defendants' motion is denied, with the exception of Plaintiffs' claim for violation of the Discharge Order.[8] Each of the remaining arguments turns on allegations that are clearly in dispute, or allegations that the Court cannot factually determine in the absence of a statement of facts.

Defendants argue Plaintiffs cannot bring the common law and bankruptcy claims because they were in default on the loan. Although Defendants failed to submit the required statement of facts, it is clear from the other parties' properly filed submissions that whether Plaintiffs' loan was in default is a source of major dispute. Viewing the facts in light most favorable to the non-moving party, here, the Plaintiffs, the Court cannot find as a matter of law that Plaintiffs were in default

---

[8] Although not raised by EMC or Residential, for the reasons discussed below in Section III.C.3, the Court finds that no private right of action exists under §524 for violations of the Discharge Order, and therefore the Court will grant summary judgment to Defendants on this claim.

on their mortgage.  Similarly, as to Count VIII, which alleges violations of RESPA and the FDCPA against Residential, the Court cannot find that Residential is entitled to summary judgment.  The FDCPA claim turns on whether communications with Plaintiffs were appropriate and whether Residential's reporting to the credit bureaus violated the FDCPA.  Without an appropriate statement of facts, however, the Court cannot make a summary judgment determination on this issue.  The RESPA claim also turns on factual issues about whether Residential received a "qualified written request" from Plaintiffs to trigger obligations under RESPA.  Defendants argue that they are entitled to summary judgment because a pleading cannot constitute a valid "qualified written request" or "QWR" as Plaintiffs allege, and therefore, Residential was never served with a QWR.  (EMC and Residential's Moving Br. 6-7, ECF No. 58-1.)  The Court, again, declines to make a decision that turns on factual allegations without a proper statement of facts.

For the reasons set forth above, EMC and Residential's motion is denied, with the exception of Plaintiffs' claims for violations of the Discharge Order.

## C.   Defendant Zucker's Motion for Summary Judgment

Finally, Zucker moves for summary judgment on all claims against it.  The claims against Zucker stem from one NOI sent to Plaintiffs, at the instruction of its client, in March of 2012.  Zucker argues that it did not violate the FDCPA by sending the NOI, emotional distress damages against it should be "dismissed," and Plaintiffs have not established that it violated the Bankruptcy Stay or Discharge Order.  (*See generally*, Zucker's Moving Br., ECF No. 60-1.)

### 1.   FDCPA

Plaintiffs' FDCPA claim against Zucker stems from Zucker's issuance of an NOI to the Plaintiffs.  The claim is based on the following alleged conduct: (1) unauthorized communication directly with Plaintiffs who were represented by counsel; (2) issuance of an NOI despite a dispute

as to the debt; (3) inclusion of impermissible charges; and (4) the use of an attorney's signature on the NOI with insufficient oversight.   The Court has already determined that certain allegations related to violations of § 1692e for allegedly including improper amounts in the NOI and use of an attorney's signature should not be addressed at this time.   The Court, therefore, will address the FDCPA motion only as to the unauthorized communication, issuance of an NOI despite dispute as to the debt, and the inclusion of allegedly impermissible charges under § 1691f.

### a.     <u>Unauthorized Communication</u>

First, as to the FDCPA, Zucker argues that it cannot have violated the statute because sending the March 2012 NOI directly to Plaintiffs was mandated by New Jersey law and, in any event, the communication is exempted under 15 U.S.C. § 1692c(c).  (Zucker's Moving Br. 5; Zucker's Reply Br. 2-3.)  In opposition, Plaintiffs argue that compliance with New Jersey law cannot remedy a federal violation and that the FDCPA preempts New Jersey law.  (Pls.' Opp'n to Zucker's Br. 5-10, ECF No. 74.)  Plaintiffs do not address the argument that the conduct also falls within an exception under the FDCPA.

The FDCPA prohibits a debt collector from direct contact with a party that the collector knows to be represented, subject to certain exceptions. 15 U.S.C. § 1692c(c). In *Castillo v. Zucker, Goldberg & Ackerman, LLC*, No. 14-6956, 2015 WL 1268308 (D.N.J. Mar. 18, 2015), a case involving the same Defendant as here, the Court found that Zucker did not violate the FDCPA when it sent a pre-foreclosure notice informing plaintiffs that Zucker intended to apply for final judgment of foreclosure and a copy of the notice of motion for final judgment directly to represented plaintiffs.  *Castillo*, 2016 WL 1268308, at *1, *3.  The Court found that the communications fell into the exemption under the FDCPA permitting debt collectors to communicate intent to invoke specific remedies.  *Id.* at *3.  The Court held that the

16

communications at issue "exhibit none of the 'abusive, deceptive or unfair' characteristics which the FDCPA was meant to remedy" and further found that prohibiting such communications "clashes with the intent of the FDCPA to preserve ordinary judicial remedies while preventing abusive practices." *Id.* at *4. As noted by the Court in *Castillo*, other district courts that have addressed this circumstance have similarly found such communications exempted under the FDCPA. *Id.* The Court distinguished cases where communications "were not made in furtherance of judicial remedies, but rather were demands for payment." *Id.* at *5. Here, the only document at issue relating to Zucker is the NOI, which was sent in furtherance of a judicial remedy. The Court therefore, finds that, as in *Castillo*, the NOI was "directly related to [Zucker's] proper pursuit of foreclosure in New Jersey Superior Court[]" and therefore falls within the § 1692c(c) exceptions. *Id.* Zucker's motion for summary judgment as it relates to unauthorized contact with Plaintiffs, therefore, is granted.

### b. Issuance of NOI on disputed debt and Inclusion of Impermissible Charges

Zucker's motion on the remainder of the FDCPA claims against it are denied, as they all involve disputed issues of fact. As to § 1692g(b), whether Zucker issued the NOI despite knowing that the debt was disputed, Zucker argues that the letters Plaintiffs sent to Marix and Zucker "were in response to communications issued solely by Marix" and Zucker "did not initiate any communications to Plaintiffs until March 20, 2012 and therefore Plaintiff could not properly dispute a debt with [Zucker] where [Zucker] had yet to issue any communication regarding the debt." (Zucker's Moving Br. 9-10.) Zucker further argues that it was entitled to rely on the information provided by Marix and that it was retained "to commence foreclosure proceedings . . . approximately 9 months after [plaintiffs] last letter, [and, therefore, Zucker] had no reason to believe that the debt upon which [Zucker was] acting was in dispute and had not been validated."

(*Id.* at 11).  This, however, is a factual argument that is disputed in the record.  Under the unique factual circumstances here, where Zucker was involved with Plaintiffs over the course of several years, and given that several of the facts surrounding Zucker's continued involvement are in dispute (*see e.g.*, Pls.' Response to Zucker's SUMF ¶¶ 11, 13, 15, 23), Zucker has not established that it is entitled to summary judgment on this claim.

There is also a dispute as to whether the charges included in the NOI were appropriate under § 1692f.  It is clear that there is a dispute as to what charges form the basis of the "transfer fee" (Zucker's SUMF ¶ 13, 23; Pls.' Response to Zucker's SUMF ¶ 13, 23); however, Zucker argues that it was allowed to rely on the information provided by Marix, without any independent investigation, and therefore did not violate § 1692f.  (Zucker's Moving Br. 11-15.)  Zucker also argues that even if the NOI contained improper information, Zucker cannot be liable because the violation was unintentional, the result of a bona fide error, and occurred despite procedures designed to avoid such errors.  (*Id.* at 15-17.)  The Court again finds disputed factual issues as to whether the transfer fees were improperly included, and if so, whether Zucker is immune from liability under 15 U.S.C. § 1692k(c).  Viewing the facts in light most favorable to Plaintiffs, therefore, Zucker has not established that it is entitled to summary judgment.

### 2.  Emotional Distress

Next, Zucker asks the Court to grant summary judgment to it on Ms. Rhodes's emotional distress claims because Zucker's conduct was not "outrageous" or "extreme" and Ms. Rhodes's expert did not opine that Zucker caused Ms. Rhodes's emotional damages.  (Zucker's Moving Br. 18-22.)  Plaintiffs respond that the claim for emotional damages is not a separate tort claim, but damages that are recoverable under the FDCPA.  (Pls.' Opp'n to Zucker's Br. 19.)  Plaintiffs further argue that the issue of whether to attribute any emotional distress to Zucker is an issue to

be decided by the jury. (*Id.* at 20.) Here, based on the current record before it, the Court declines to find that Zucker has established it cannot be responsible for emotional distress damages as a matter of law if the jury finds that Zucker violated the FDCPA. The Court, therefore, denies Zucker's motion on this issue.

### 3.   Bankruptcy Stay and Discharge Order

Finally, Zucker argues that Plaintiffs have not established that Zucker violated a bankruptcy stay or discharge order. (Zucker's Moving Br. 23-27.)  Zucker argues that "Mrs. Rhodes has not identified a single fact in discovery to suggest that ZGA somehow violated the bankruptcy stay or discharge order" where "the sole basis for [Zucker's] alleged liability [] arises from the issuance of the NOI on March 20, 2012" and the bankruptcy was discharged on October 22, 2010, which terminated the stay. (*Id.* at 24); *In re Berry*, 11 B.R. 886, 890 (Bankr. W.D. Pa. 1981) ("the automatic stay is no longer in effect upon the issuance of the Order of Discharge"); 11 U.S.C. 362(c). The Court agrees that there is no factual basis to support a finding that the March 2012 NOI violated the automatic stay. The Court, therefore, grants Zucker's motion as to the alleged violation of the bankruptcy stay.

As to the Discharge Order, the Court finds that no private right of action exists under 11 U.S.C. § 524 ("Section 524"). Other district courts in this Circuit have similarly held that no private cause of action exists pursuant to Section 524. *See Heyman v. CitiMortg., Inc.*, No. 14-1680, 2015 WL 5921199, at *8 (citing *Joubert v. ABN Mortg. Grp., Inc.*, 411 F.3d 452 (3d Cir. 2005) (citing approvingly to cases in other circuits holding no private right of action under Section 524 in connection with finding no private cause of action under 11 U.S.C. § 506); *Perkins v. AT&T Mobility, LLC*, 2011 WL 13238623, at *1 (D.N.J. Feb. 17, 2011); *Owens v. JP Morgan Chase Bank*, No. 12-1081, 2013 WL 2033149, at *5 (W.D. Pa. May 14, 2013); *Henderson v. Weinstein*

*& Riley, P.S., PC.*, No. 11-2607, 2011 WL 6826117, at *2 (D.N.J. Dec. 27, 2011).  The Court, therefore, finds that no private right of action exists under Section 524 and Zucker's motion for summary judgment as to Count VII is granted.

## IV.  **Conclusion**

For the reasons set forth above, the Court: (1) denies Plaintiffs' Motion for Summary Judgment; (2) denies Zucker's Cross-Motion to Strike; (3) denies in part and grants in part EMC and Residential's Motion for Summary Judgment; and (4) denies in part and grants in part Zucker's motion for Summary Judgment.

s/Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE